IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFF and JENNY LONG, individually )
and on behalf of John Doe, a minor )
) No. 3-09-1013
v. )
)
SUMNER COUNTY BOARD OF )
EDUCATION; and DONNA )
WEIDENBENNER, individually and in )
her official capacity as the Special Needs )
Teacher of Station Camp Elementary )
School )

O R D E R

By order entered May 13, 2010 (Docket Entry No. 47), a telephone conference call was scheduled with the Court on May 13, 2010, and rescheduled and held on May 14, 2010, at which time the defendants' joint motion for pre-deposition conference and order (Docket Entry No. 46) was GRANTED to the extent that a pre-deposition conference was held telephonically, and DENIED to the extent that the defendants sought to compel the plaintiffs to supplement their discovery responses prior to their depositions.

Essentially, the defendants argued that the plaintiffs failed to respond to multiple interrogatories or provided incomplete and evasive answers. Specifically, the defendants pointed to the plaintiffs' refusal to respond to interrogatories seeking the bases for the plaintiffs' claims. In addition, the plaintiffs responded to multiple interrogatories that they did not know the answers but would supplement after discovery was completed. Finally, the defendants maintained that they had not received complete medical records from Dr. Woodman.

Plaintiffs' counsel represented that there are no medical records that the defendants have not received. Based on that representation, there was nothing further for the Court to compel relating to Dr. Woodman's medical records.

Depositions in the related cases were scheduled to begin on May 17, 2010. The Court was unwilling to convert the motion into a motion to compel and make a ruling without allowing the

plaintiffs an opportunity to respond. Plaintiffs' counsel also represented that, upon inquiry from defendants' counsel at their depositions, the plaintiffs would testify about all facts relating to their claims, but that they will not be able to testify about which of the facts supports which claims asserted in this case. The defendants were also free to seek oral responses to the same questions to which the plaintiffs had responded that they did not know and would supplement after discovery. The defendants would then have the plaintiffs' sworn testimony that they did not know the information solicited.

The Court made no ruling on whether the plaintiffs should be compelled to supplement their responses to the written discovery, or whether additional depositions of the plaintiffs should be permitted after any supplement of written discovery or, if so permitted, whether the plaintiffs should bear the expense of those renewed depositions. However, plaintiff's counsel was aware of the risk of proceeding with the scheduled depositions in light of the issues raised by defendants prior thereto.

The Court did not hear from counsel during depositions scheduled in the related cases or thereafter, until June 2, 2010, after 7:00 p.m., when the defendants filed a joint emergency motion to compel and/or modify scheduling order/deposition schedule (Docket Entry No. 48).[1] In that motion, the defendants sought an order compelling responses to written discovery and production of medical records prior to the depositions scheduled for the plaintiffs during the week of June 7, 2011, or, alternatively, for modification of the scheduling order and/or deposition schedule in light of the plaintiffs' failure to respond to discovery and to produce documents, or for an order permitting reconvening the plaintiffs' depositions at plaintiffs' expense after plaintiffs have supplemented their discovery responses.

Apparently, the issues discussed on May 14, 2010, have not been resolved. It also appears that the plaintiffs have not responded at all to the written discovery served in this case.

---

[1] Defendants explain that, since the May 14, 2010, conference call, they have attempted to reach an informal resolution of the disputes to no avail.

While acknowledging the defendants' frustration, the Court is not willing to compel the plaintiffs as they request without providing plaintiffs an opportunity to respond.

Inasmuch as it appears that the plaintiffs will not respond to the defendants' discovery requests prior to their depositions, the parties may agree to reschedule those depositions until after the plaintiffs serve responses or, if no such agreement can be reached, the defendants can certainly seek to reconvene those depositions once discovery responses have been served.

A hearing on the plaintiffs' motion to compel (Docket Entry No. 47) is scheduled on **Thursday, June 17, 2010, at 1:00 p.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, Tn.

Prior to the June 17, 2010, hearing, the parties are directed as follows:

1. By June 11, 2010, <u>counsel</u> for the parties shall confer <u>in person and/or by telephone</u> (not simply by e-mail) to address each of the issues remaining in dispute.

2. By June 15, 2010, the parties shall file a joint discovery statement in accord with Local Rule 37.01(a). Such a joint statement shall set out with specificity each issue in dispute with a synopsis of the parties' factual and legal position on each issue. The parties do not necessarily have to address each specific written discovery request if they are able to group together discovery requests and responses into specific categories.

3. The plaintiffs shall have until June 16, 2010, at 12:00 noon, to file a response to the defendants' pending motion.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

3